### PORTERFIELD v BLADENSBURG RURAL SCHOOL DIST

Ohio Common Pleas, Knox Co

Decided Nov 18, 1938

Howard McCullough, Mt. Vernon, for plaintiff.

W. L. Howell, Mt. Vernon, for defendant.

### OPINION

By DEVIN, J.

This case is submitted to the court November 17, 1938, upon the pleadings consisting of petition, answer and reply and upon the statements of counsel.

The facts are undisputed and the salient points being as follows:

The plaintiff is a taxpayer and elector of the defendant, and brings suit on behalf of himself and all other taxpayers similarly situated, seeking to restrain the issuance of the bonds and levying of tax in excess of the 10 mill limitation for the payment of the principal and interest of the same, the proposed bonds being in the aggregate principal amount of $36,000.00, for the purpose of erecting a new fire-proof school building in the district. Plaintiff claims that the proposed issuance of bonds would be illegal on account of the non-observance of essential provisions of law in the conduct of a special election held July 21, 1938.

It is apparent that the proposed bond issue is only authorized by law under the provisions of House Bill No. 544, which became effective June 10, 1935, and which was for the purpose of enabling Ohio subdivisions to participate in Federal aid. In this instance, the school district expects to avail itself of a grant from the Federal Emergency Administration of Public Works of the United States in the amount of $29,-700.00.

The facts are also agreed that all provisions of this law were fully and properly carried out, * * * except in the one respect hereinafter mentioned. An election was held at the time designated and a total of 433 votes were cast, of which 422 were for the bond issue, 11 were against same and 3 ballots were declared invalid.

The plaintiff claims that the election was illegal for the reason that provisions of §2293-21, GC, were not complied with, in the fact that the election was not held at all of the "regular places for voting in the subdivision." (Emphasis in the quotation, mine).

The facts presented show that the said

Bladensburg Rural School District consists of all of Jackson Township, parts of Butler and Clay Townships, Knox County, and parts of two contiguous townships in Licking County, Ohio; and that the only "regular voting places for voting" in the subdivision is the * * * one regular Jackson Township voting place in the town of Bladensburg. The regular voting places of the parts of townships of Butler, Clay and in Licking County are not "in such subdivision."

The court is of the opinion that the bond issue in question may be made under and by virtue of the provisions of House Bill No. 544, above mentioned, and recognizes that under paragraph 8 of §1 thereof, it is provided that the election on the question of issuing such bonds must be held under the provisions of §2293-21 GC, the essential part of which reads as follows:

"The election shall be held at the regular places for voting in such subdivision and shall be conducted, canvassed and certified in the same manner as regular elections in such subdivisions for the election of county officers."

In view of the fact that the Board of Education designated the regular voting place in the subdivision at Bladensburg for voting upon this bond issue, and that said place was designated by the Board of Education for the purpose under the provision of §4714, GC, and that this was the only regular place for voting that is located within the Bladensburg Rural School District and within the subdivision in question; this election has been held and conducted in accordance with the law of Ohio applicable, and the bonds that may be issued pursuant thereto will be legal.

In connection with the legal proposition involved in this decision, the court takes pleasure in citing in support of its conclusion, an opinion of the Court of Appeals of Stark County (being our own Court of Appeals) in the case of **DeHoff v Myers et,** 31 O.L.R. 243. The opinion is written by a former member of the Knox County Bar, Judge L. B. Houck, and is characteristic of his general broad-minded viewpoint on legal questions in the fact that it shows that, in the absence of any claim of fraud or injury to person or property, an injunction ought not to be granted that would tend to thwart the indicated will of a substantial majority of the people entitled to determine the question, shown by their balloting at an election. In connection with this opinion, I direct especial attention to the following citations:

"One who seeks an injunction must show his right thereto by clear evidence." **Riefsnyder v Fertilizer Co., 9 Oh Ap 161.**

It is also stated in High on Injunctions as follows:

"The power to grant writs of injunction is one of the extraordinary powers of a court of equity, and should only be exercised in cases where a great and important public question affecting the rights of a citizen is at stake; and to prevent injuries which would otherwise be irreparable or when the magnitude of the injury to be dreaded is so great and the risk so important that no prudent person would think of incurring it."

Also "A court of equity will grant a perpetual injunction only when a party shows a clear right thereto." **Spangler v Cleveland, 43 Oh St 526.**

It is therefore ordered that the injunction prayed for be denied and that it is ordered that the bonds described in the petition may be legally issued.

Plaintiff to pay costs, for which judgment is rendered.